UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**THOMAS EDWARD HARRIS,**           )
                                    )
    **Plaintiff,**    )
                                    )
    v.                )    Civil Action No. 09-430 (ESH)
                                    )
**D.C. CITY ADMINISTRATOR et al.,** )
                                    )
    **Defendants.**   )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss filed by the sole remaining defendant, ARAMARK Correctional Services, LLC ("Aramark"). Pro se plaintiff Thomas Edward Harris has filed an opposition to the motion. The motion will be granted, the claims against Aramark will be dismissed for failure to state a claim upon which relief may be granted, and the case will be dismissed.

BACKGROUND

All defendants except Aramark were dismissed from this action previously. *See* Order (Mar. 18, 2010). Harris is a prisoner currently confined in the District of Columbia's jail. Aramark is contracted to provide food service to the jail. Through a more definite statement, Harris has asserted claims against Aramark under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-(a). *See* "Supplemental Response" at 1.[1]

___

[1] In his opposition to Aramark's motion to dismiss, Harris mentions for the first time that he brings this case under 42 U.S.C. § 1983. *See* Opp'n at 2 (entitled "Plaintiff's Motion for Response to the Court's Order to State for Aramark Correctional Services, LLP [sic] What Type of Relief Can Be Granted"). Harris will not be permitted to amend his complaint at this late date to include a claim under 42 U.S.C. § 1983, as such a claim would fail for the same reasons his

A Muslim, *id.* at 6, Harris complains generally about the quality, taste, type and variety of food, and alleges lack of sanitation. His specific allegations against Aramark that are in anyway remotely related to imposing a burden on his religious practices are that Aramark served him white, instead of wheat, bread during Ramadan, *id.* at 3, that his diet during the entire month of Ramadan was vegetarian, *id.* at 5, and that the meals served during Ramadan were sometimes tardy, which interfered with his concentration on prayer, *id.* In his opposition, he clarifies that he seeks $500,000 in damages and injunctive relief. Opp'n at 2.

DISCUSSION

A pro se complaint is entitled to liberal construction and is not held to the same standards as is a formal pleading drafted by a person trained in law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, a court must dismiss a pro se complaint or any portion of it for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1) (obligating a court to dismiss a claim once it is clear that it fails to state a claim upon which relief may be granted); *see also* Fed. R. Civ. P. 12(b)(6). In considering such a dismissal, a court must assume that all factual allegations are true, even if they are doubtful. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged"). A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276. In deciding a motion to dismiss brought under

---

RFLUIP claim fails.

Rule 12(b)(6), a court is limited to considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted). Accordingly, although Aramark submitted a declaration and exhibit with its motion to dismiss, the court does not rely on those documents to reach its decision in this case.

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless it is the least restrictive means in furtherance of a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). A private right of action under the RLUIPA requires a plaintiff to produce prima facie evidence to support a claim alleging such a violation. *See* 42 U.S.C. §§ 2000cc-2(a) & (b).

Harris has not alleged facts that show that Aramark has imposed a substantial burden on his ability to observe his religious dietary restrictions.[2] He does not allege that he was required to eat white bread in violation of his faith's dictates. Nor does he allege that there was no food other than white bread available to eat. His allegation that he was served vegetarian meals for the entire month of Ramadan also does not allege the imposition of a burden on the exercise of observing his religious diet, as there is no doubt that a vegetarian meal may also be a Halal meal. And, Aramark is not responsible for delivering meals to the inmates and therefore cannot be liable for tardy meals, even if the tardy meals that Harris alleges interfered with his religious concentration rise to the level of a "substantial burden," which is a highly doubtful proposition.

---

[2] The Court need not, and does not, decide here whether Aramark is a "government" actor as that term is used in the RLUIPA, *see* 42 U.S.C. § 2000cc-5, a question that sister courts have answered variously, and one which has not yet been determined in this circuit.

Accordingly, the claims against Aramark under the RLUIPA will be dismissed for failure to state a claim upon which relief may be granted.[3]

Because all other claims have already been dismissed, the case will be dismissed. A separate order accompanies this memorandum opinion.

                                                   /s/
                                    ELLEN SEGAL HUVELLE

Date: April 29, 2010                      United States District Judge

---

[3] This determination constitutes a "strike" for purposes of this 3-dismissal rule applicable to prisoners proceeding in forma pauperis. *See* 28 U.S.C. § 1915(g).